IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 22-00048-10-CR-W-DGK |
| CHRISTOPHER J. HICKS-BERRY, ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Christopher J. Hicks-Berry's Motion for Reconsideration to Sever and for a Speedy Trial, pursuant to Rule 14(a). (Doc. 898) For the reasons set forth below, Defendant Hicks-Berry's motion is denied.

### I.  BACKGROUND

On January 26, 2023, a federal grand jury in Kansas City, Missouri, returned a 112-count Superseding Indictment against twenty-nine defendants. (Doc. 402) Defendant Hicks-Berry is charged in ten of those counts, including conspiracy to distribute drugs, destruction of a motor vehicle, and various firearm offenses. (Doc. 402) While Defendant initially moved to sever, following the Superseding Indictment, Defendant (through prior counsel) filed an Amended Motion to Sever, which the Court denied. (Docs. 451, 579) Several motions for continuance were subsequently filed, leading to the current setting on the October 21, 2024, joint criminal trial docket. (Docs. 466, 479, 713, 726, 833, 861) On July 29, 2024, Defendant filed the present motion for reconsideration, to which the Government responded on August 12, 2024. (Docs. 898, 913) Defendant did not file a reply and the time for doing so has passed.

## II.  PARTIES' ARGUMENTS

Defendant Hicks-Berry seeks reconsideration of this Court's October 6, 2023, ruling denying severance. (Doc. 898)  He argues that the Government has delayed producing exculpatory evidence and violated his due process rights.  Defendant also contends that there is no substantial evidence linking him to the trafficking charges.  Additionally, Defendant claims that a joint trial would prejudice his right to a fair trial and requests severance to ensure a speedy trial.[1]

The Government asserts that Defendant's motion is baseless and should be denied, because Defendant fails to present new evidence or identify any legal or factual errors in the prior ruling. (Doc. 913)  The Government further contends that Defendant was properly joined with his co-defendants, and that his claims of prejudice due to a joint trial do not meet the high threshold of "severe or compelling prejudice" required for severance.  Finally, the Government posits that any potential prejudice can be adequately addressed through proper jury instructions.

## III.  DISCUSSION

The Eighth Circuit has not squarely decided the appropriate standard for "motions for reconsideration raised in criminal cases outside of the suppression context," but recognizes that other Circuits apply the civil standard.  *United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016). Generally, a civil motion to reconsider is used to " 'correct[ ] manifest errors of law or fact or ... present newly discovered evidence.' "  *Id*. (quoting *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013)).  A motion for reconsideration is not intended to reargue previously decided matters; rather, it serves as a mechanism for relief in extraordinary

---

[1]Although Defendant contends that a joint trial would prejudice his right to a speedy trial, he neither claims that this right has been violated nor presents any meritorious grounds for severance of some or all counts from his co-defendants to protect it.

circumstances. *United States v. Tucker*, No. CR 18-89 (JRT/DTS), 2019 WL 913162, at *2 (D. Minn. Feb. 25, 2019).

Here, Defendant has presented no new evidence nor demonstrated any manifest error requiring the Court to reconsider its previous denial of Defendant's motion to sever. Instead, Defendant references issues related to the timing of the Government's discovery productions, echoing arguments previously raised in motions that this Court has either denied or recommended be denied, and which the District Judge has concurred with and adopted. (Docs. 863, 908, 929) As Defendant has not met the standard required for this Court to reconsider its prior severance ruling, Defendant's motion for reconsideration is denied.

Even if Defendant had met the standard for reconsideration, the reasoning behind the Court's prior ruling denying severance still holds. As noted in that ruling, and although not rechallenged by Defendant, Defendant's joinder with his co-defendants is proper because the counts stem from the same series of acts or transactions—specifically, a drug trafficking conspiracy. *See* Fed. R. Crim. P. 8(b). And Defendant has not shown that severance is warranted, as he has failed to demonstrate the severe or compelling prejudice required; he has not established that the jury would be unable to compartmentalize the evidence for the different counts or that irreconcilable defenses exist among co-defendants. *See* Fed. R. Crim. P. 14(a). Any potential prejudice can be adequately mitigated through proper jury instructions. *See Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Defendant's argument regarding prejudice to his speedy trial rights is similarly unpersuasive, as his motion does not allege a violation of his speedy trial rights and simply seeks a separate trial on some or all of the counts against him on the same docket as his co-defendants. For reasons similar to those discussed above, Defendant has not met the standard for reconsideration, and, in any event, severance is not warranted on this ground.

## IV. CONCLUSION

Defendant has not met the requisite standard for reconsideration. The motion fails to demonstrate any manifest error of law or fact, nor does it introduce new evidence that would warrant altering the Court's previous analysis that severance is not called for here. Accordingly, it is

**ORDERED** that Defendant Hicks-Berry's motion for reconsideration (Doc. 898) is denied.

                                                        /s/ *Jill A. Morris*
                                                        JILL A. MORRIS
                                         UNITED STATES MAGISTRATE JUDGE