# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-cr-00048-DGK-10 |
| CHRISTOPHER HICKS-BERRY, | ) ) ) |
| Defendant. | ) |

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

Now before the Court is the Honorable Magistrate Judge Jill A. Morris's Report and Recommendation that Defendant Christopher Hicks-Berry is competent to stand trial. ECF No. 1270.

On August 8, 2025, Courtney Mills, Psy.D., issued a forensic evaluation report finding Defendant is presently competent to stand trial. ECF No. 1264. On August 21, 2025, Judge Morris conducted a competency hearing wherein the parties stipulated Dr. Mills would testify consistently with her report if she had testified at the hearing. ECF Nos. 1269, 1271. On the following day, August 22, 2025, Judge Morris entered a Report and Recommendation that Defendant is presently competent to stand trial. ECF No. 1270. Defendant objects. ECF No. 1276.

After an independent, de novo review of the record and law, the Court ADOPTS the Report and Recommendation in its entirety. The Court finds Defendant is competent to understand the nature and consequences of the proceedings against him and assist properly in his defense.

## Discussion

When determining a defendant's mental competency to stand trial, the Court evaluates, by

a preponderance of the evidence, whether "the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d).

Defendant raises the following objections to Judge Morris's finding that he is competent: Defendant "believed he would receive help for his 'mental problems,'" ECF No. 1276 at ¶ 4; Defendant "reported 'suicidal ideation,'" *id.* at ¶ 5; "Dr. Mills . . . concluded that [Defendant] 'is currently suffering from a mental disease,'" *id.* at ¶ 7; Defendant "reported a history of hearing 'voices' and that he 'saw people who have talked to him beginning in 2005.' [Defendant] reported that he 'saw people' who 'told him not to participate in the evaluation,'" *id.* at ¶ 8; Defendant "believes that his 'mental disease,' as acknowledged by Dr. Mills, renders him incompetent to proceed," *id.* at ¶ 9; "Dr. Mills further notes that '[Defendant's] personality disorder will continue to negatively impact his relationship with counsel,'" *id.* at ¶ 10.

Dr. Mills' report states that Defendant has a good understanding of what is at stake in his case and of the criminal justice system more generally. *Id.* at 8–9. None of his mental conditions renders him unable to understand the nature and consequences of the proceedings against him. Having mental problems or mental disease and expecting help for them does not, without more, render Defendant incompetent. Neither does suicidal ideation. While Defendant reported having heard voices and seeing people in the past, he also "denied ever seeing things that others do not, and only reported a history of sporadically hearing 'voices.' He stated the voice typically sounds like his brother, and that he only hears the voice prior to falling asleep. He reported he first heard the voice in 2022, and stated he was using substances at the time." *Id.* at 4. His description of hearing voices "varied greatly across interviews," and this "is not consistent with a

psychotic disorder." *Id.* at 7. Moreover, Defendant's experience of hearing voices appears often to be drug-induced, "which is not consistent with an organic psychotic disorder." *Id.* at 8. These experiences thus do not show by a preponderance of the evidence that Defendant is incompetent.

Regarding his relationship to counsel, Defendant reported that he has disagreements with his attorney about legal strategy. *Id.* at 9. But "[a defendant being] dissatisfied with his defense . . . say[s] little, standing alone, about the defendant's mental competency to stand trial. . . . [D]isagreement with one's attorney does not make one mentally unable to consult with him." *United States v. Ghane*, 593 F.3d 775, 781 (8th Cir. 2010). While Dr. Mills reported that Defendant's personality disorder will continue to adversely affect Defendant's relationship with his attorney, she also found that his "antisocial personality characteristics do not rise to the level of being considered a mental disease." *Id.* at 10. And, in any event, Defendant showed that he understands the importance of working with his attorney and a willingness to do so, and he was able to overcome his frustrations and discuss various aspects of his case rationally during the competency evaluation. *Id.* In short, Defendant's antisocial personality is not a mental disease, and even if it were, it does not render him unable to understand his case or assist in his defense.

## Conclusion

Because the Court finds Defendant is competent to understand the nature and consequences of the proceedings against him and assist properly in his defense, the Court ADOPTS the Report and Recommendation in its entirety. Defendant's request for a second mental evaluation is DENIED.

**IT IS SO ORDERED.**

Date:  October 22, 2025   /s/ Greg Kays
　　　　　　　　　　　　　　　GREG KAYS, JUDGE
　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT